IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WALTER VAUGHN JOHNSON, JR.**                                                         **PLAINTIFF**

vs.                                                **CIVIL ACTION NO.: 3:13cv43-MPM-JMV**

**DESOTO COUNTY SHERIFF DEPT., et al.**                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

On June 17, 2013, plaintiff Walter Vaughn Johnson, Jr., an inmate housed at the DeSoto County Adult Detention Center, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit. *See* 28 U.S.C. § 1915(g).

### Plaintiff's Allegations

The plaintiff alleges that he was placed in solitary confinement at the DeSoto County Adult Detention Center ("DCADC") for approximately one month with no access to hot water and with toilet leaking in his cell. He maintains that he complained about the leaky toilet, and that staff members gave him a blanket to put around the bottom of the toilet to catch the water. He alleges that the blanket became moldy and foul-smelling. He contends that, due to the lack of ventilation in the cell, he developed a stuffy nose and found it difficult to breathe. He testified at

his *Spears* hearing that maintenance came into his cell on at least one occasion, but that they did not attempt to restore hot water or repair the toilet. The plaintiff asks the court to assist him in obtaining more sanitary living conditions and to award him compensation for his mental and physical suffering at the hands of the DCADC employees named as defendants in this suit: Internal Affairs Director Rice, Commander and Chief Chad Wicker, and Sheriff Bill Rasco.[1]

## Discussion

The Constitution requires that prisoners be afforded "humane conditions of confinement" and be ensured adequate food, shelter, clothing, and medical treatment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A violation of this requirement occurs only where the condition is sufficiently serious "as to 'deprive prisoners of the minimal civilized measure of life's necessities', as when it denies the prisoner some basic need," and where the prison official(s) possess a culpable state of mind. *See, e.g., Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citation omitted). The state of mind required is one of deliberate indifference, which is that of "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839-40. Under this standard, a state action does not create liability under § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

---

[1] The plaintiff conceded during his *Spears* testimony that the defendants Rice and Rasco had no personal involvement in any alleged wrongdoing. Therefore, defendants Rice and Rasco should be dismissed from this action. *See also Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (holding that a plaintiff does not state a viable cause of action under § 1983 unless he identifies defendants personally involved in the constitutional wrongdoing or whose acts are "causally connected" to the alleged violation).

at 837.

## Hot Water

Prisoners do not have a constitutional right to hot water. *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986). The plaintiff's discomfort in not having hot water is insufficient to meet the deliberate indifference standard. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (holding that routine discomforts are "part of the penalty that criminal offenders pay for their offense against society"). Therefore, this issue should be dismissed for the plaintiff's failure to state a constitutional claim.

## Leaky Toilet & Moldy Blanket

The plaintiff's allegations that he had to endure a leaky toilet and moldy blanket fail to raise a constitutional claim, as the plaintiff was not forced to endure a deprivation of any "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The fact that his cell was less sanitary than he would have liked does not render the conditions under which he was housed unconstitutional. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 &n.5 (5th Cir. 1989) (finding that inmate who complained of inadequate ventilation, unsanitary water fountains, toilets leaking water, etc., failed to state a claim). Also, it does not appear that the plaintiff suffered any injury beyond a temporary stuffy nose, which is insufficient to support his claim for damages. A prisoner seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury in order to state a claim for physical or emotional damages. 42 U.S.C. § 1997e(e). This allegation should be dismissed for the plaintiff's failure to state a claim upon which relief may be granted.

In sum, the undersigned respectfully that the plaintiff's § 1983action be dismissed for his

failure to state a claim.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 18th day of June, 2013.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE